IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION | MDL 3026 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: ACTIONS IDENTIFIED IN EXHIBIT A | |

### THE MEAD JOHNSON DEFENDANTS' MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH CMO 12

On May 6, 2024, this Court entered stipulated Case Management Order No. 12 ("CMO 12" or "Order") ensuring that in this MDL Mead Johnson[1] is only "named in cases in which the subject Infant ingested products that Mead Johnson itself manufactured and/or distributed." ECF No. 507 at 1. CMO 12 was the result of extensive negotiations among the parties after multiple hearings on plaintiffs' pleading deficiencies to implement one of the most basic requirements of litigation: that, prior to suing, a plaintiff conduct the diligence necessary to believe they have a basis for a claim, and that they are suing the right defendant.

For all cases on file as of May 6, 2024, where "Plaintiffs lack[ed] definitive product identification," CMO 12 set forth a process by which plaintiffs were to conduct the requisite diligence and either dismiss Mead Johnson or amend their pleadings within 120 days. *See id*. at ¶ III.B.3; 6.a. In all cases where plaintiffs failed to substantiate the use of a Mead Johnson product, CMO 12 requires dismissal of Mead Johnson. *See id*. at ¶ 6.a.

---

[1] Plaintiffs have sued Mead Johnson & Company LLC and Mead Johnson Nutrition Company, together herein referred to as "Mead Johnson."

Several months have now passed since entry of CMO 12, far longer than the 120 days provided for in the Order, and Plaintiffs in the six cases cited in Exhibit A have failed to positively identify Mead Johnson product that was ever fed to the infants in question, or otherwise dismiss Mead Johnson. Mead Johnson therefore moves for an Order to Show Cause why these cases should not be dismissed for Plaintiffs' failure to comply with CMO 12.

I. BACKGROUND

Mead Johnson's efforts to address deficient product identification in this MDL date back to October 2022. Over the course of multiple years, Mead Johnson raised the issue of plaintiffs' deficient product identification allegations, necessitating numerous hearings and orders from the Court. *See*, *e.g.*, Hr'g Tr. Oct. 11, 2022 at 15:4–12, ECF No. 24; Mot. to Dismiss Oct. 16, 2023, ECF No. 410; *see also* Ord. Feb. 9, 2024 at 1, ECF No. 461 (noting that it is "troubling" that there are still pending cases without positive product identification). Because the problem persisted, and at the Court's direction, Mead Johnson negotiated a case management order with the PLC to establish a process by which this issue could finally be resolved.

On May 6, 2024, the Court entered CMO 12 to in part "set forth a protocol for targeted product information discovery to third parties." *See* ECF No. 507 at 1. For cases on file as of May 6, 2024, which are the subject of this motion, CMO 12 required plaintiffs to "serve a targeted subpoena on medical providers seeking identification of the preterm nutrition product(s) administered to the infant [.]" *Id*. at ¶ III.B.3. Plaintiffs were further obligated to take appropriate steps to enforce those subpoenas. *Id.* at ¶ III.B.6. Consistent with the requirements of Federal Rule of Civil Procedure 45, Plaintiffs were also required to produce to Mead Johnson "any and all documents and information produced in response to the subpoenas within thirty days of receipt." *Id.* at ¶ III.B.5. The parties agreed, and the Court ordered, that following these efforts, plaintiffs

2

had to either "(a) dismiss or (b) amend the operative Complaint to dismiss Mead Johnson . . . in no event longer than 120 days after . . . the entry of this order." *Id.* at ¶ 6.a. Failure to comply subjects a plaintiff's claims against Mead Johnson to dismissal upon motion. *Id.* at ¶ 6.b.

Despite serving subpoenas on the requisite medical providers, the Plaintiffs in the six cases in Exhibit A have otherwise failed to comply with CMO 12's requirements. Mead Johnson has written to each of these Plaintiffs to request compliance with CMO 12, and in some cases has not even received a response. *See* Exhibit B, email from M. O'Rourke to R. Warren re: *Hogan* dated Dec. 17; Exhibit C, email from M. O'Rourke to T. Becker and S. Hauer re: *Larsen* dated Dec. 17; Exhibit D, email from M. O'Rourke to J. O'Brien re: *Pacheco* dated Dec. 17; Exhibit E, email from M. O'Rourke to R. Hammers re: *Hoaglin* dated Jan. 3; Exhibit F, email from M. O'Rourke to C. Guerrero re: *Sutton* dated Dec. 17; and Exhibit G, email from M. O'Rourke to S. Schulte re: *Walker* dated Dec. 17. For five of the cases, Mead Johnson has not received *any* documents or information produced in response to the subpoenas; in the sixth, the records were produced months after receipt and failed to identify a Mead Johnson product. None of the Plaintiffs has produced any documentation of efforts to enforce the subpoenas.[2] The 120-day compliance deadline (September 3, 2024) has long since expired. The claims against Mead Johnson in the six cases listed in Exhibit A should all be dismissed.

## II. ARGUMENT

Identification of the alleged tortfeasor is the most basic requirement for filing a lawsuit. *See, e.g.*, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) ("Ordinarily a tort victim who does not know who the tortfeasor is cannot sue."); *see also* Feb. 6, 2024 Hr'g Tr.

---

[2] Two Plaintiffs have informed Mead Johnson of their intent to move to compel compliance with their subpoenas. Plaintiffs had the opportunity to enforce their subpoenas pursuant to CMO 12 ¶ III.B.6, but that time has passed. Any motion to compel filed after September 3, 2024 is untimely.

at 50-51 (the Court assumes that plaintiffs in this MDL will conduct the requisite pre-suit diligence). In these six cases, Plaintiffs have ignored CMO 12 and have failed to substantiate the threadbare allegations in their complaints by identifying the product(s) administered to these infants, and therefore the appropriate defendant(s) in their cases.

Failure to identify the at-issue product—or defendant—is the kind of missing "basic information" for which cases are regularly dismissed in mass tort litigation. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1234 (dismissal upheld for plaintiffs who did not submit a plaintiff fact sheet following unreasonable delay and who failed to "provide any information that only they possessed regarding the critical elements of their claims"); *In re: Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863 (8th Cir. 2007) (upholding dismissal of plaintiff who "submitted incomplete answers to questions on the district court's mandated fact sheet"); Order, *In re: Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-md-2734 (N.D. Fla. Mar. 4, 2020), ECF No. 1263 (dismissing 134 cases with prejudice for plaintiffs' failure to comply with the Court's orders requiring submission of "basic information" about plaintiffs' claims); *In re: General Motors LLC Ignition Switch Litig.*, 2017 WL 9772106, at *1 (S.D.N.Y. June 16, 2017) (dismissing plaintiffs who failed to submit a plaintiff fact sheet per the Court's order); *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Prac. and Prods. Liab. Litig.*, 2015 WL 12844447, at *2 (D.S.C. June 19, 2015) (dismissing plaintiffs who had not submitted timely fact sheets and noting the failure to provide the "basic facts" in fact sheets "prejudices [defendant] in this litigation").

Plaintiffs' failure to comply with this basic requirement is not a recent development. To the contrary, Mead Johnson has repeatedly raised this issue with the Court and with plaintiffs in both hearings and filings for years now. CMO 12 itself was entered only because plaintiffs in this

MDL had already failed to comply for months (or, in some cases, years) with basic pre-filing requirements and the prior orders of this Court to ensure product identification.

Specifically, on April 17, 2024, this Court issued an order stating that "the parties agree that Mead Johnson can be liable, if at all, only in cases where Mead Johnson was the source of infant formula challenged in these cases; yet in a number of cases in this MDL, that determination has not yet been made." ECF No. 496. This Court "directed that . . . the parties submit a proposed Case Management Order establishing a further protocol for resolving this dispute." *Id.* As a result, the parties agreed on the process set forth in CMO 12, which the Court promptly entered. As with other issues that have arisen in this MDL, "the dispute is resolved pretty clearly by the language of the stipulation that was entered." Hr'g Tr. May 9, 2024 at 15:16–18.

There is no excuse for Plaintiffs' failure to comply with CMO 12. Plaintiffs should not be permitted to sidestep its requirements. *In re Phenylpropanolamine (PPA)*, 460 F.3d 1217, 1232 (9th Cir. 2006) (affirming dismissal for failure to comply with MDL case management order streamlining discovery and stating that "[c]ase management orders are the engine that drives disposition on the merits"). Indeed, "the parties' compliance with case management orders is essential in a complex litigation such as this." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 247 (3d Cir. 2013). The process set forth in CMO 12 enables the Court to "weed out non-meritorious cases early, efficiently, and justly." *In re Mentor Corp. Obtape Transobturator Sling Prod. Liab. Litig.*, 2016 WL 4705827, at *2 (M.D. Ga. Sept. 7, 2016). Absent enforcement of CMO 12, the Court risks having meritless claims clog its docket for years, undermining the Court's ability to administer this MDL on fundamental questions like bellwether selection, when those claims never should have been filed in the first instance. *See id.* ("MDL consolidation for products liability actions does have the unintended consequence of producing more new case filings of

5

marginal merit in federal court, many of which would not have been filed otherwise."). To Mead Johnson's knowledge, the Plaintiffs' attorneys in these cases have failed to locate any information in their infant's medical records confirming a Mead Johnson product was used.

It bears noting that not only have these Plaintiffs failed to comply with CMO 12, but they have altogether failed to demonstrate any diligence to ensure the requisite product identification for advancing a claim in this MDL:

- In *Hogan,* filed in June 2023, Plaintiff failed to provide Mead Johnson with any medical records until December 2024, months after receiving them. None of those records identify a Mead Johnson product, and Mead Johnson is not aware of any additional steps Plaintiff has taken to identify the manufacturer.

- In *Larsen,* filed in October 2023, Plaintiff issued a subpoena in April 2024. In January 2025, Plaintiff informed Mead Johnson that she had recently paid an invoice for records and been told they were in mail. *See* Exhibit C, email from S. Hauer to M. O'Rourke dated Dec. 23. Mead Johnson has not yet received any medical records Plaintiff received in response to the subpoena.

- In *Hoaglin*, filed in May 2024, Plaintiff served a subpoena in July 2024. On January 9, 2025, following outreach from Mead Johnson, Plaintiff requested a "45-day extension" to produce medical records. *See* Exhibit E, email from M. Long to M. O'Rourke dated Jan. 9. Mead Johnson has not received any medical records from Plaintiff received in response to the subpoena.

- In *Sutton*, filed in April 2024, Plaintiff served a subpoena in May 2024. In December 2024, counsel for Plaintiff confirmed that he would dismiss the claims against Mead Johnson. In January 2025, counsel for Plaintiff informed Mead

        Johnson that they intended to now move to compel compliance with the May subpoena. *See* Exhibit F, email from C. Guerrero to M. O'Rourke dated Jan. 22. Mead Johnson has not received any medical records from Plaintiff received in response to the subpoena.

- Plaintiffs in both *Pacheco* and *Walker* served subpoenas but have failed to follow up in any way. Mead Johnson has not received any medical records from either Plaintiff in response to the subpoena.

These egregious failures are further exacerbated by the fact that over six months have passed since the entry of CMO 12.

    Mead Johnson is mindful that these cases allege very serious injuries. But, as in the cases cited above, these Plaintiffs are in this position because they have disregarded the Court's Order on a fundamental issue and because they failed to conduct the requisite diligence on product identification for months and even after follow up by Mead Johnson. Mead Johnson has sought to correct these deficiencies—which is not its burden—at notable expense. The parties agreed to a process to be followed, which the Court ordered, and Plaintiffs have chosen not to comply with it. That failure is their own, and is fatal to their claims against Mead Johnson.

### III.   CONCLUSION

    For the foregoing reasons, Mead Johnson respectfully requests that the Court enforce CMO 12 and enter an Order to Show Cause why the claims against Mead Johnson in the six cases listed in Exhibit A should not be dismissed within 10 days of the entry of the order.

Dated: January 28, 2025                              By: */s/ Rachel M. Cannon*

Paul W. Schmidt                                             Anthony J. Anscombe
Phyllis A. Jones                                               Rachel M. Cannon

| | |
|---|---|
| Emily Ullman<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>202-662-6000<br>pajones@cov.com<br>pschmidt@cov.com<br>eullman@cov.com | STEPTOE LLP<br>227 West Monroe, Suite 4700<br>Chicago, IL 60606<br>312.577.1270<br>aanscombe@steptoe.com<br>rcannon@steptoe.com<br><br>Elyse D. Echtman<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>212.506.3900<br>eechtman@steptoe.com<br><br>*Attorneys for Defendants Mead Johnson & Co., LLC and Mead Johnson Nutrition Company* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 28th day of January 2025, a true and correct copy of the foregoing Motion for the Entry of an Order to Show Cause was served on all counsel of record via e-mail.

/s/ *Rachel M. Cannon*
Rachel M. Cannon